IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ROBERTO LOPEZ, JR. and | § | |
| ROBERTO LOPEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION |
| | § | |
| | § | NO. _____ |
| | § | |
| CEM INSURANCE COMPANY | § | JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

CEM Insurance Company ("CEM"), the Defendant herein, respectfully submits the following

notice of removal.

## I.

CEM is the Defendant in litigation now pending in the 293rd Judicial District Court of

Maverick County, Texas, Cause No. 15-08-31798-MCV, styled *"Roberto Lopez, Jr. and Roberto*

*Lopez v. CEM Insurance Company."* The suit filed against CEM is a civil action seeking recovery

of contractual and extra-contractual damages, as well as attorney's fees, pursuant to a Final Default

Judgment entered against Bryan Santiago and Claudia Ruiz[1] in Cause No. 14-05-29501-MCVAJA

in the 365th Judicial District Court of Maverick County, Texas.

---

[1] Claudia Ruiz is the named insured on a Texas personal auto policy issued by CEM. Bryan Santiago is her son, who was not listed as an authorized driver on the CEM policy. Bryan Santiago was operating his mother's vehicle on April 28, 2014, when he was involved in a collision with a vehicle operated by Roberto Lopez, Jr. and occupied by Roberto Lopez, Sr.

**NOTICE OF REMOVAL** – **Page 1**

## II.

Both at the time of the filing of Plaintiffs' Original Petition and at the time of the filing of this Notice of Removal, Plaintiffs were, are, and continuously have been individual citizens of the State of Texas with their place of residence in the state of Texas. Both at the time of filing Plaintiffs' Original Petition and at the time of the filing of this Notice of Removal, Defendant was, is, and continuously has been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois. Thus, Defendant is a corporate citizen of the State of Illinois.

## III.

The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000, as evidenced in part by Plaintiffs' allegation at page 1, numbered paragraph 1 of Plaintiffs' Original Petition, which reads: "Plaintiffs affirmatively plead that each Plaintiff seeks only monetary relief of $100,000.00 or less . . .." Plaintiffs have not affirmatively plead an amount in controversy less than $75,000. Moreover, an analysis of the Plaintiffs' claims demonstrates that the damages sought, more likely than not, place the Plaintiffs' claims above the jurisdictional minimum.

Initially, the Plaintiffs seek to recover from CEM, the personal auto insurer for Claudia Ruiz, the amount of the Final Default Judgment they obtained against Claudia Ruiz and her son, Bryan Santiago, in Cause No. 14-05-29501-MCVAJA. As evidenced by the copy of the Final Default Judgment attached as Exhibit "A" to Plaintiffs' Original Petition, a default judgment was entered against Santiago and Ruiz and in favor of Plaintiffs in the sum of $50,000 *each,* together with court costs and post-judgment interest.

In addition, Plaintiffs allege in paragraph 3.2 of Plaintiffs' Original Petition that they are assignees of all assignable causes of action that Santiago and Ruiz have or might have against CEM, including claims arising under the *Stowers* doctrine, the Texas Insurance Code and the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"), pursuant to a Turnover Order entered in Cause No. 14-05-29501-MCVAJA.[2]  In this regard, Plaintiffs allege in numbered paragraph 8.2 and 8.3 of Plaintiffs' Original Petition that Defendant CEM engaged in "unfair settlement practices with respect to the [Plaintiffs'] claim." The Plaintiffs further allege in numbered paragraph 8.3:

> The Defendant's conduct in this regard was carried out with the malicious intent to injury [sic] and harm Claudia Ruiz.  Defendant CEM was actually aware that its refusal to defend Claudia Ruiz in the manner in which it did was a false, unfair, and deceptive act.

Pursuant to Section 541.152(a) of the Texas Insurance Code, a plaintiff who prevails in an action for damages caused by a person or entity engaging in an unfair or deceptive act or practice in the business of insurance may recover the amount of actual damages, plus court costs and reasonable and necessary attorney's fees.  In addition, as provided in Section 541.152(b), "On a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages."  TEX. INS. CODE § 541.152(a), (b) (2005).

Similar language is found in the Deceptive Trade Practices Act ("DTPA"), which provides in Section 17.50(b) as follows:

---

[2]  By referencing the Plaintiffs' allegations, Defendant does not admit that the Plaintiffs' alleged claims under the DTPA and Texas Insurance Code are assignable or subject to turnover under the Turnover Statute, nor does Defendant admit that Plaintiffs have standing to bring such claims.

(a)     In a suit filed under this section, each consumer who prevails may obtain:

        (1)     The amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages;

<div align="center">*   *   *</div>

(d)     Each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees.

TEX. BUS. & COM. CODE § 17.50(b), (d) (2009).

In the instant case, as set forth above, Plaintiffs have alleged that Defendant committed unfair settlement practices with respect to its handling of their claim and lawsuit against Claudia Ruiz and Bryan Santiago in violation of the DTPA and Texas Insurance Code. The Plaintiffs further allege, as the alleged assignees of Ruiz and Santiago, that Defendant acted with "the malicious intent to injury [sic] and harm Claudia Ruiz" and that Defendant was "actually aware that its refusal to defend Claudia Ruiz in the manner in which it did was a false, unfair, and deceptive act." If those allegations are proved, the jury could award up to three times the amount of Plaintiffs' actual damages, which is set at the sum of $50,000 each, plus attorney's fees. Three times the actual damages of $50,000 each plus attorney's fees is an amount well in excess of the amount required for federal diversity jurisdiction.

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 USC § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount. *St. Paul Reinsurance*, 134 F.3d at 1253. The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed the jurisdictional amount." *Id.* at 1253 n.13. As the Fifth Circuit further stated, "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy." *Id.* at 1253.

All of the forms of relief claimed by Plaintiffs, including the $50,000 in actual damages, plus the potential statutory penalties and the claim for attorney's fees, are to be considered in determining the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages – just not interest or costs."); *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (attorney's fees are to be included in determining the jurisdictional amount when they are provided for by contract or

by state statute); *Edinburgh v. American Security Ins. Co.*, 2010 WL 392392 (E.D. La.

September 28, 2010) (the contractual damages sought under a property insurance policy were

$72,078, just shy of the federal diversity jurisdictional amount; but, when combined with the

possible recovery for extra-contractual relief and attorney's fees, the damages sought, more likely

than not, placed the plaintiff's claim at or above the jurisdictional minimum). *See also, OnePoint*

*Solutions, LLC v. Borchert*, 486 F.3d 342 (8th Cir. 2007), where the court wrote:

> In *Kopp v. Kopp*, 280 F.3d 883 (8th Cir. 2002), we stated that "[t]he
> district court has subject matter jurisdiction in a diversity case when
> a fact finder could legally conclude, from the pleadings and proof
> adduced to the court before trial, that the damages that the plaintiffs
> suffered are greater than $75,000." *Id.* at 885.
>
> \* \* \*
>
> We have upheld jurisdiction, even though the jury ultimately awarded
> less than the statutory minimum, because jurisdiction "is measured by
> the amount properly pleaded or as of the time of the suit, not by the
> end result." *Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir. 1969).
> "[The *Zunamon*] holding implicitly suggests that jurisdiction was
> proper because, based on information known to the court at the time
> jurisdiction was challenged, the jury reasonably could have awarded
> more than the statutory minimum, even if the jury ultimately did not
> do so." *Kopp*, 280 F.3d at 885. "If access to federal district courts is
> to be further limited it should be done by statute and not by court
> decisions that permit a district court judge to prejudge the monetary
> value of an unliquidated claim." *Id.* (internal quotations and citations
> omitted).

486 F.3d at 349-350.  In the *OnePoint Solutions* case, OnePoint sued multiple defendants in federal

district court asserting multiple Minnesota state-law causes of action, including conversion and civil

theft, and also including three types of enhanced damages under Minnesota statutes.  Because

Minnesota law provided for a plaintiff alleging civil theft to recover the value of the property at the

time it was stolen plus up to an equal amount of punitive damages, the 8th Circuit concluded that

a reasonable jury could award OnePoint damages totaling more than $75,000. Therefore, OnePoint's claim met the jurisdictional threshold for diversity jurisdiction.

The same result is required in the instant case, where the Plaintiffs, individually, seek to recover the sum of $50,000 each, *plus* attorney's fees *plus* extra-contractual damages under the DTPA and Texas Insurance Code, pursuant to which the jury could award up to three times the amount of Plaintiffs' actual damages. Three times the actual damages of $50,000 each plus attorney's fees is an amount well in excess of the amount required for federal court jurisdiction. Accordingly, Defendant respectfully submits that it is facially apparent that the claims alleged by Plaintiffs exceed the jurisdictional minimum for diversity jurisdiction.

### IV.

This Court has jurisdiction and this action is properly removable based upon diversity of citizenship under 28 U.S.C. §1332, et seq. Pursuant to 28 U.S.C. § 1664, Defendant has removed this action to this Court within the time specified by law.

### V.

Attached hereto are (1) an index of all attached documents, (2) a copy of the Docket Sheet in the State Court action, (3) all executed process, (4) all pleadings (excluding discovery material) filed in the State Court action, Cause No. 15-08-31798-MCV, in the 293rd Judicial District Court of Maverick County, Texas, including any Orders signed by the state judge, and (5) a complete list of all counsel of record in the action.

**PRAYER FOR RELIEF**

Wherefore, premises considered, CEM Insurance Company prays that the action now pending in the 293rd Judicial District Court of Maverick County, Texas be removed to this, the United States District Court for the Western District of Texas, Del Rio Division.

Respectfully submitted,

BY: /s/ MICHAEL A. HUMMERT
Michael A. Hummert
Lead Attorney
State Bar No. 10272000
mhummert@bishophummert.com
Amos D. Pettis
State Bar No. 24027730
apettis@bishophummert.com
BISHOP & HUMMERT
A Professional Corporation
5910 N. Central Expressway
Suite 1600
Dallas, Texas 75206
TELEPHONE (214) 987-8181
FACSIMILE (214) 987-8180

ATTORNEYS FOR DEFENDANT
CEM INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

On October 16, 2015, I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ MICHAEL A. HUMMERT
MICHAEL A. HUMMERT

**NOTICE OF REMOVAL – Page 8**

# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER IN CAUSE NO. 15-08-31798-MCV

## *Roberto Lopez, Jr. and Roberto Lopez*

### *vs.*

## *CEM Insurance Company*

# IN THE 293RD JUDICIAL DISTRICT COURT OF MAVERICK COUNTY, TEXAS

✦✦✦

A.    Copy of Civil Docket Sheet from Maverick County District Clerk for Cause No. 15-08-31798-MCV

B.    Plaintiffs' Original Petition filed August 5, 2015

C.    Citation to Defendant CEM Insurance Company served September 16, 2015

D.    Defendant's Original Answer filed October 9, 2015

E.    Defendant's Jury Demand filed October 9, 2015

A

```
                        C I V I L     D O C K E T
                    293rd Judicial District Court

Maverick County                                        The Software Group, Inc.
Case No. 15-08-31798-MCV                                October 9th, 2015   1:41pm
====================================================================================

ROBERTO LOPEZ, ETAL vs. CEM INSURANCE COMPANY          |  Filed : 08/05/2015
                                                       |  Status: Filed
                                                       |  Type: Other Civil Cases
                                                       |
                                                       |  Judge
                                                       |    CYNTHIA L. MUNIZ
                                                       |
                                                       |  Court Reporter
                                                       |
====================================================================================

  Date   |                                                      |  Volume  |  Page
====================================================================================
         |
         |                   Events & Orders of the Court       |          |
         |                                                      |          |
08/05/15 |  $PTLE                                               |          |
08/05/15 |  PLAINTIFF ORIGINAL PETITION                         |          |
08/05/15 |  Jury Trial Requested                                |          |
08/14/15 |  CITATION Issued -Defendant, CEM INSURANCE COMPANY   |          |
08/19/15 |  NOTICE OF HEARING                                   |          |
         |  SET FOR PRETRIAL HEARING/DOCKET CONTROL CONFERENCE 11/9/15 AT 10AM |  |
09/16/15 |  CITATION Served - CEM INSURANCE COMPANY - Answer due: 10/12/15 -  FILED 9/21/15 |  |
11/09/15 |  Pre-Trial & Docket Call                             |          |
```

Page 1

B

Electronically Filed at
6/5/2015 2:29:27 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

CAUSE NO. 15-08-31798-MCV
_____

| | | |
|---|---|---|
| ROBERTO LOPEZ, JR.<br>AND ROBERTO LOPEZ | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 293RD   JUDICIAL DISTRICT |
| CEM INSURANCE<br>COMPANY | §<br>§<br>§ | MAVERICK COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **ROBERTO LOPEZ, JR., and ROBERTO LOPEZ,** hereinafter

referred to as "Plaintiffs", complaining of **CEM INSURANCE COMPANY,** hereinafter

referred to as "Defendant" or "**CEM**", and for cause of action would respectfully  show as

follows:

1.

1.1    Plaintiffs affirmatively plead that each plaintiff seeks only monetary relief of

$100,000.00 or less, but Plaintiffs would request, in view of the multiple plaintiffs, that the

Court order a discovery control plan pursuant to Rule 190.4, TEX. R. CIV. PROC., or that this

case be subject to the Level 2 limitations of Rule 190.3,  TEX. R. CIV. PROC.

2.

2.1    Plaintiffs are residents of Eagle Pass, Maverick County, Texas.

Page 1

Electronically Filed at
8/6/2015 4:29:27 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

2.2     Defendant **CEM INSURANCE COMPANY** is an insurance company authorized to do and doing business in the State of Texas.  Service of process may be had upon Defendant by delivering citation to its registered agent for service: Mark A. Gannaway, 14755 Preston Road, Suite 430, Dallas, Texas 75254-9177.

3.

3.1     Plaintiffs, **ROBERTO LOPEZ, JR., and ROBERTO LOPEZ**, are judgment creditors of Bryan Santiago and Claudia Ruiz pursuant to a final judgment rendered in Cause No. 14-05-29501-MCVAJA in the 365th Judicial District Court of Maverick County, Texas. Therefore, Plaintiffs have standing to bring a claim directly against Defendant under the Texas Personal Automobile Liability Policy issued by Defendant covering the vehicle involved in the subject motor vehicle accident as third-party beneficiaries of such policy pursuant to their judgment creditor status.

3.2     Plaintiffs, **ROBERTO LOPEZ, JR., and ROBERTO LOPEZ**, are also assignees of all assignable causes of action, including those arising under the *Stowers* doctrine, the Texas Insurance Code, the Texas Deceptive Trade Practices - Consumer Protection Act and the common law, that Bryan Santiago and Claudia Ruiz have against **CEM**, or its agents, by virtue of a Turnover Order entered in Cause No. 14-05-29501-MCVAJA in the 365th Judicial District Court of Maverick County, Texas.  Therefore, Plaintiffs have standing to bring a claim directly against Defendant as assignees of such claims.

4.

Page 2

Electronically Filed at
8/3/2015 4:29:27 PM
**Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy**

## VENUE

4.1     Venue is proper in Maverick County, Texas, pursuant to Section 15.002 of the

Texas Civil Practice and Remedies Code because the underlying motor vehicle accident and

the underlying lawsuit occurred in Eagle Pass, Maverick County, Texas.  Venue is proper in

Maverick County because all or a substantial part of the events or omissions giving rise to

the claim occurred in Maverick County, Texas.

5.

5.1     On or about April 28, 2014, in Eagle Pass, Maverick County, Texas, Plaintiffs

were injured when their vehicle was struck by a 2000 Ford Taurus automobile, VIN No.

1FAFP5323YG265231, driven by Bryan Santiago.  The collision was proximately caused

by the negligence of Bryan Santiago.

6.

6.1     Defendant **CEM**, through its general agent Pronto General Agency, Ltd.,

issued an automobile insurance policy, Policy No. PR8403682-00, to Claudia Ruiz [a.k.a.

Claudia Idalia Ruiz Mendoza] covering the Ford Taurus automobile involved in the collision.

The policy was in full force and effect at the time of the collision, April 28, 2014.  Claudia

Ruiz was, at all relevant times, the "named insured" and a **"Covered person"** under the

liability coverage of the **CEM** policy.   At all relevant times, Claudia Ruiz exercised

possession and control of the vehicle consistent with ownership.  Bryan Santiago was using

the **"*covered auto,*"** the Ford Taurus, with a reasonable belief that he was authorized to do

so, and was therefore a **"Covered person"** for purposes of the liability coverage under the

Page 3

Case 2:15-cv-00118-AM-CW   Document 1   Filed 10/16/15   Page 16 of 44

Electronically Filed at
8/5/2015 1:29:27 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

CEM policy. The primary insuring provision of the policy states that Defendant CEM will pay damages for bodily injury for which any *"covered person"* became legally responsible because of an auto accident [up to the limits of liability specified in the policy]. Defendant CEM certified that the policy met all requirements of the Texas Safety Responsibility Act and provided at least the minimum limits of liability mandated by the Act - thirty thousand dollars ($30,000.00) per claimant for bodily injury at the time the policy was issued.

## 7.
## CLAIMS UNDER THE POLICY

7.1     Plaintiffs filed suit for recovery of the damages suffered in the collision of April 28, 2014. In May of 2014, Plaintiffs caused to be filed Cause No. No. 14-05-29501-MCVAJA in the 365th Judicial District Court of Maverick County, Texas, styled ROBERTO LOPEZ, JR., and ROBERTO LOPEZ V. BRYAN SANTIAGO and CLAUDIA RUIZ, the *"underlying litigation."* Citation was issued and served on Bryan Santiago and Claudia Ruiz and the suit papers in the *"underlying litigation"* were promptly delivered to Defendant CEM's authorized representative. The allegations within the four corners of the original petition in the *"underlying litigation"* clearly include claims that are within the coverage afforded within the four corners of the insurance policy issued by the Defendant. Despite actual notice of the lawsuit, Defendant CEM breached its "duty to defend" the defendants in the *"underlying litigation."* These defendants relied upon CEM to provide a defense and CEM's failure to provide such defense was a direct cause of the default judgment rendered in the *"underlying litigation."*

Page 4

7.2     The *"underlying litigation"* against Bryan Santiago and Claudia Ruiz ended on

June 11, 2015, in a judgment being rendered against Bryan Santiago and Claudia Ruiz,

jointly and severally, in the sum of Fifty Thousand and no/100 Dollars ($ 50,000.00) for

**ROBERTO LOPEZ, JR.,** and in the sum of Fifty Thousand and no/100 Dollars ($

50,000.00) for **ROBERTO LOPEZ,** as more particularly evidenced by a true and correct

copy of that judgment attached as Exhibit "A" and incorporated by reference.  This judgment

is now a final judgment as defined in the insurance policy issued by Defendant **CEM** and

Plaintiffs are now authorized to bring suit directly against Defendant **CEM** for the full

amount Bryan Santiago and Claudia Ruiz are legally obligated to pay under the attached

judgment, including post-judgment interest.

7.3     All conditions precedent to bringing suit against Defendant **CEM** have been

performed or have occurred.  Nevertheless, Defendant **CEM** has failed to pay the Plaintiffs

the benefits under the policy as it is contractually required to do.  Accordingly, the benefits

due to the Plaintiffs under the policy are due and payable and Plaintiffs are entitled to recover

benefits as provided in such policy.  Such benefits would be the damages Plaintiffs are

entitled to recover from Bryan Santiago and Claudia Ruiz as described in the judgment in the

*"underlying litigation."*

7.4     Plaintiffs further allege that Defendant **CEM** was notified of the underlying

lawsuit and knew that Bryan Santiago and Claudia Ruiz were requesting a defense to the

underlying lawsuit.  Defendant **CEM** failed to promptly and adequately notify Bryan

Santiago and Claudia Ruiz that **CEM** refused to provide coverage.  Defendant breached its

Page 5

Electronically Filed at
8/5/2015 4:29:27 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

obligation to provide a defense in the underlying litigation.  Defendant **CEM** should be barred on both waiver and estoppel grounds from asserting any policy defenses to coverage and from collaterally challenging the terms of the underlying judgment.

     7.5    Plaintiffs are entitled under Art. 38.001 of the Texas Civil Practice and Remedies Code to recover reasonable attorney's fees incurred in the prosecution of this suit against Defendant **CEM** as may be determined by the trier of fact.

<div align="center">

8.

**ASSIGNED CLAIMS**

</div>

     8.1    Plaintiffs, **ROBERTO LOPEZ, JR., and ROBERTO LOPEZ**, are assignees of all assignable causes of action, including those arising under the *Stowers* doctrine, the Texas Insurance Code, the Texas Deceptive Trade Practices - Consumer Protection Act and the common law, that Bryan Santiago and Claudia Ruiz have against **CEM**, or its agents, by virtue of a Turnover Order entered in Cause No. 14-05-29501-MCVAJA in the 365th Judicial District Court of Maverick County, Texas.

     8.2    Citation was issued and served on Bryan Santiago and Claudia Ruiz and the suit papers in the *"underlying litigation"* were promptly delivered  to Defendant **CEM**'s authorized representative.  The allegations within the four corners of the original petition in the *"underlying litigation"* clearly include claims that are within the coverage afforded within the four corners of the insurance policy issued by the Defendant.  Despite actual notice of the lawsuit, Defendant **CEM** engaged in the following unfair settlement practices with respect to the claim:

<div align="center">

Page 6

</div>

Case 2:15-cv-00118-AM-CW   Document 1   Filed 10/16/15   Page 19 of 44

Electronically Filed at 8/5/2015 2:29:27 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

a.   Defendant **CEM** failed to affirm the existence of coverage for the claims asserted against its named insured, Claudia Ruiz, in the *"underlying litigation."* The Plaintiffs' petition in the *"underlying litigation"* clearly alleges facts that include claims within the coverage of the insurance policy.

b.   Defendant **CEM** failed to conduct a reasonable investigation of the occurrence before it refused to protect Bryan Santiago and Claudia Ruiz.  Upon being notified of the claim, Defendant **CEM**, through its agent, Pronto General Agency, Ltd.,  immediately launched an investigation, but such investigation was not an attempt to evaluate the potential liability of Bryan Santiago and Claudia Ruiz.  Rather, the investigation was a concerted attempt to deprive the parties of coverage.  Defendant **CEM** communicated with its named insured, Claudia Ruiz, without giving her any notice or warning that a clear conflict of interest existed between the insurance company and its insured.

c.   Defendant **CEM** erroneously took the position that the insurance did not afford coverage for the liability of Claudia Ruiz under the circumstances and, in so doing, failed to provide promptly a reasonable explanation of the basis for that position and misrepresented material facts and policy provisions relating to coverage.

d.   Defendant **CEM** at no time attempted in good faith to make a prompt, fair, and equitable settlement of the demands against Bryan Santiago or Claudia Ruiz even though it was reasonably clear from the documentary evidence that the

Page 7

incident giving rise to the *"underlying litigation"* invoked coverage under the policy.

8.3     After receiving the citation and Claudia Ruiz's request that Defendant **CEM** defend or settle the matter, Defendant **CEM** refused to defend Claudia Ruiz and failed to affirm, deny, or reserve its rights to contest coverage under the policy, leaving Claudia Ruiz to combat the charges brought in the *"underlying litigation"* at her own expense. Although the occurrence made the basis of the lawsuit was within the coverage acquired from the Defendant **CEM** by Claudia Ruiz and despite the occurrence of all conditions precedent to the Defendant's obligation to defend Claudia Ruiz, the Defendant failed to do so and breached its contractual obligation to Claudia Ruiz and, by ignoring its insured's request for assistance, without seeking to reserve any right to dispute insurance coverage or to obtain a judicial determination regarding coverage, Defendant **CEM** committed an unfair claim settlement practice.  The Defendant's conduct in this regard was carried out with the malicious intent to injury and harm Claudia Ruiz. Defendant **CEM** was actually aware that its refusal to defend Claudia Ruiz in the manner in which it did was a false, unfair, and deceptive act.

8.4     As a consequence of Defendant's conduct described in the preceding paragraphs, the *"underlying litigation"* ended in a judgment being rendered against Bryan Santiago and Claudia Ruiz as more particularly evidenced by a true and correct copy of the judgment attached hereto as Exhibit "A" and incorporated herein by reference.  The

Case 2:15-cv-00118-AM-CW  Document 1  Filed 10/16/15  Page 21 of 44

Electronically Filed at
8/5/2015 4:29:27 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

Defendant's acts and omissions set out above were the producing cause and the proximate cause of the judgment against Claudia Ruiz. Claudia Ruiz was found liable to the Plaintiffs in the sum of $50,000.00 each, plus court costs and post-judgment interest, which sums represents the reasonable value of the claim for damages lodged by the Plaintiffs in the "underlying litigation."

8.5     Prosecution of the assigned causes of action has necessitated the services of an attorney and the payment of or promise to pay a reasonable sum as attorney's fee for the preparation, trial, and any appeal of this case, a sum that Defendant should be ordered to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be duly cited to appear and answer and that upon a final trial of this cause, Plaintiffs recover judgment against Defendant awarding actual damages as set out in this petition, reasonable attorneys fees, post-judgment interest as allowed by law, costs of court, and such other and further relief to which the Plaintiffs may be entitled under equity and in law.

Respectfully submitted,

**KNICKERBOCKER HEREDIA
JASSO & SALINAS, P.C.**
468 Main Street
Eagle Pass, Texas  78852-6598
Tel:  (830) 773-9228
Fax:  (830) 773-2582

Page 9

Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

By: /s/ Eugene D. Stewart
    **Eugene D. Stewart**
    State Bar No. 19207500
    Email: khjs@swbell.net

## ATTORNEYS FOR PLAINTIFFS

## DEMAND FOR JURY

NOW COME Plaintiffs, **ROBERTO LOPEZ, JR.** and **ROBERTO LOPEZ,** in the above entitled and numbered cause and respectfully demand a trial by jury.

    /s/ Eugene D. Stewart
    **EUGENE D. STEWART**

Page 10

NO. 14-05-29501-MCVAJA

| | | |
|---|---|---|
| ROBERTO LOPEZ, JR. | § | IN THE DISTRICT COURT |
| AND ROBERTO LOPEZ | § | |
| | § | |
| VS | § | 365th JUDICIAL DISTRICT |
| | § | |
| BRYAN SANTIAGO | § | |
| AND CLAUDIA RUIZ | § | MAVERICK COUNTY, TEXAS |

## FINAL DEFAULT JUDGMENT

On the 12th day of May, 2015, came on to be heard the above entitled and numbered cause and Plaintiffs, ROBERTO LOPEZ, JR., and ROBERTO LOPEZ, appeared in person and by their attorney and announced ready for trial. Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ, having been duly served and legally cited to appear and answer, have failed to appear or answer and wholly made default. Trial by jury being waived, all matters of fact and things in controversy were submitted to the Court. Citation was served according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file, and after presentment of good and sufficient evidence by Plaintiffs regarding the liability of Defendants and the damages suffered by Plaintiffs and finding that the cause of action sued on is unliquidated, the Court is of the opinion that the allegations in Plaintiffs' Original Petition are deemed admitted and the Court further finds that Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ, are liable to Plaintiffs as alleged in the pleadings, that Plaintiffs, ROBERTO LOPEZ, JR., and ROBERTO LOPEZ, sustained bodily injuries, which required reasonable and necessary medical treatment, in the motor vehicle accident of April 28, 2014, that Plaintiffs suffered

EXHIBIT
" A "

JUN 1 2 2015

LEOPOLDO VIELMA
District Clerk Maverick County, Texas

physical pain, mental anguish, and physical impairment in the past as a result of their injuries, that the sum of money if paid now in cash to reasonably compensate the Plaintiff, ROBERTO LOPEZ, JR., for his damages for bodily injuries is Fifty thousand and no/100 dollars ($50,000.00), that the sum of money if paid now in cash to reasonably compensate the Plaintiff, ROBERTO LOPEZ, for his damages for bodily injuries is Fifty thousand and no/100 dollars ($50,000.00).

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff, ROBERTO LOPEZ, JR., have and recover from Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ, jointly and severally, the sum of Fifty thousand and 00/100 Dollars ($50,000.00). IT IS FURTHER ORDERED that the entire judgment hereby rendered shall bear post-judgment interest at the rate of five (5%) percent per annum from date of this judgment until paid.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff, ROBERTO LOPEZ, have and recover from Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ, jointly and severally, the sum of Fifty thousand and 00/100 Dollars ($50,000.00). IT IS FURTHER ORDERED that the entire judgment hereby rendered shall bear post-judgment interest at the rate of five (5%) percent per annum from date of this judgment until paid. All costs of court expended or incurred in this cause are hereby adjudged against Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ. All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary. The Court finds that this judgment disposes of all claims and causes of action

of all parties and this judgment is a Final Judgment in this case.

SIGNED this _____ day of June, 2015.

_____
**JUDGE PRESIDING**

C

CLERK OF THE COURT          ATTORNEY FOR PLAINTIFF OR PLAINTIFF
LEOPOLDO VIELMA             EUGENE D. STEWART
500 QUARRY ST              468 Main Street
STE 5                      Eagle Pass, Texas 78852-46
EAGLE PASS, TEXAS 78852    (830) 773-9228

This copy of process was
Delivered to you on the
___ day of ____
BEN ADAM__, Constable Pct. 3,
_____ County, TX
By _____ Deputy

THE STATE OF TEXAS

    NOTICE TO DEFENDANT:  "You have been sued.  You may employ an
attorney.  If you or your attorney do not file a written answer with
the clerk who issued this citation by 10:00a.m.  on the Monday next
following the expiration of twenty days after you were served this
citation and petition, a default judgement may be taken against you."

CEM INSURANCE COMPANY
BY SERVING: MARK A. GANNAWAY
14755 PRESTON ROAD, STE. 430
DALLAS, TX 75254-9177

To, Defendant, Greeting:
    You are hereby commanded to appear by filing a written answer to
the Plaintiff's Original Petition at or before ten o'clock A.M.  of
the Monday next after the expiration of twenty days after the date of
service of this citation before the Honorable CYNTHIA L.  MUNIZ of the
293rd Judicial District Court of Maverick County, Texas at the Court
House of said County in Eagle Pass, Texas.
    Said Plaintiff's Petition was filed in said court on 08/05/15 in
this case, numbered 15-08-31798-MCV on the docket of said court, and
styled, ROBERTO LOPEZ, ETAL vs.  CEM INSURANCE COMPANY
    The nature of Plaintiff's demand is fully shown by a true and
correct copy of Plaintiff's Original Petition accompanying this
citation and made a part hereof.
    The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.
    Issued and given under my hand and seal of said Court at Eagle
Pass, Texas this the  14th day of August, 2015 .
                       Leopoldo Vielma, Clerk, District Court ,
                       Maverick County, Texas.
                       By _____ Deputy.

----------------------------------------------------------------------
                       SHERIFF'S RETURN
      Came  to  hand  on _____ day  of _____ , 20_____ ,
at _____ o'clock ___.M., and EXECUTED by delivering to each of the
within named defendants, in person, a true copy of this Citation,
together  with  the  accompanying  true  and  correct  copy  of  the
Plaintiff's Petition.  At the following times and places to-wit:
    NAME_____MO.____DAY____20_____ TIME_____

AND NOT EXECUTED because:
_____          _____ Sheriff/Constable Pct
_____          _____ County
_____          By:_____ Deputy
as to DEFENDANT:_____          Sheriff/Deputy Constable
                                          OR _____ Private
MO.____DAY__20_____ TIME _____           (Private Process Server must

D

Electronically Filed at
10/9/2015 4:35:35 PM
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: M Cazares, Deputy**

CAUSE NO. 15-08-31798-MCV

| | | |
|---|---|---|
| ROBERTO LOPEZ, JR. and | § | IN THE DISTRICT COURT |
| ROBERTO LOPEZ | § | |
| | § | |
| vs. | § | MAVERICK COUNTY, TEXAS |
| | § | |
| CEM INSURANCE COMPANY | § | 365TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

CEM Insurance Company ("CEM"), the Defendant in the above entitled and numbered cause,

files this, its Original Answer to Plaintiffs' Original Petition, and for cause would respectfully show

the Court the following:

### GENERAL DENIAL

### I.

Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil

Procedure.

### VERIFIED DENIALS

### II.

Pursuant to Rule 93 of the Texas Rules of Civil Procedure, Defendant avers that Plaintiffs

are not entitled to recover in the capacity in which they have sued and that Defendant is not liable

in the capacity in which it has been sued. Defendant further avers that there is a defect of parties,

Plaintiff and Defendant.

### III.

Pleading further, Defendant avers that Plaintiffs failed to give the required written notice of

claim under one or more of the statutes on which the Plaintiffs' suit is allegedly brought.

**DEFENDANT'S ORIGINAL ANSWER – Page 1**

Electronically Filed at
10/9/2015 4:35:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

**AFFIRMATIVE DEFENSES**

**IV.**

Pleading further, Defendant would show that it had no duty to defend or indemnify Bryan Santiago or Claudia Ruiz for the claims made the basis of the Plaintiffs' underlying tort suit for the reason that neither Bryan Santiago or Claudia Ruiz ever notified CEM that they had been sued and served, if they were. Further, neither Bryan Santiago nor Claudia Ruiz ever requested a defense from CEM or otherwise indicated that they expected or wanted CEM to file an Answer on their behalf. Accordingly, CEM as a matter of law had no duty to defend Bryan Santiago or Claudia Ruiz. Because CEM's duty to defend was never triggered, CEM as a matter of law has no duty to pay any part of the default judgment obtained by Roberto Lopez, Jr. and Roberto Lopez against Bryan Santiago or Claudia Ruiz made the basis of this suit.

**V.**

Pleading further, and in the alternative, Defendant would show that Bryan Santiago and Claudia Ruiz failed to comply with the conditions precedent of CEM's policy requiring prompt notice of claim or suit and delivery of suit papers, and further requiring the insured to cooperate in the investigation and defense of any claim or suit filed. The failure of Bryan Santiago and Claudia Ruiz to provide notice of the claim or suit, to provide notice of service, to forward suit papers, and to request a defense, together with the failure of Bryan Santiago and Claudia Ruiz to cooperate in the defense of the claim and suit filed against them, excuses CEM from any obligation to pay any part of the default judgment entered against Bryan Santiago and Claudia Ruiz in the underlying suit.

Electronically Filed at
10/9/2015 1:35:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## VI.

Pleading further in the alternative, Defendant would show that it in no event had a duty to defend or indemnify Bryan Santiago or Claudia Ruiz for the Plaintiffs' claims asserted against them because Bryan Santiago did not qualify as a "covered person" under the terms and conditions of CEM's policy issued to Claudia Ruiz.  Specifically, pursuant to legislation passed by the Texas Legislature on June 11, 2003, and per the written approval of the Texas Department of Insurance, the CEM policy issued to Claudia Ruiz, in exchange for a reduced premium, included a number of endorsements that operate to limit the coverage otherwise available under the policy, including, as applicable to the facts of this case, OACM.CP.013b, titled "Covered Person Endorsement." Under that endorsement, liability coverage is provided only for the named insured and his/her family members and other residents of his/her household who are licensed and listed on the declarations page or added by endorsement prior to loss, or such other persons using a covered auto with the insured's express or implied permission.  Stated another way, coverage under Part A - Liability Coverage is not afforded if an unlicensed or unlisted family member or resident of the household is operating a covered auto.

The Covered Person Endorsement (OACM.CP.013b) provides in its entirety as follows:

> In Part A – Liability Coverage, Insuring Agreement B. "Covered Person" is deleted and replaced by the following:

> **PART A – LIABILITY COVERAGE**

> **INSURING AGREEMENT**

> B.      "Covered Person" as used in this Part means:

>>     1.      You, for the ownership, maintenance or use of any auto or trailer.

Electronically Filed at
10/9/2015 1:35:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

2.  Any family member or resident of your household who is listed in the Declarations or added by endorsement during the policy term prior to loss and possessing a valid driver's license, for the ownership, maintenance or use of any auto or trailer.

3.  A person who is not a family member or resident of your household but is using your covered auto with your express or implied permission.

As used in this Part, "resident" shall mean any person living in your household other than you or a family member.

---

In PART A – Liability Coverage, Exclusions, the following is added as Exclusion D:

---

PART A – LIABILITY COVERAGE

Exclusions

D.  None of the liability coverages afforded by this policy shall apply while any person who is not a covered person is operating your covered auto or any other vehicle.

In the instant case, it is undisputed that Bryan Santiago, the driver of the insured vehicle, is the son of the named insured, Claudia Ruiz. It is further undisputed that Bryan Santiago was a resident of the insured's household at the time of the accident. Bryan Santiago was not, however, listed on the declarations page of the policy or otherwise added by endorsement as an authorized driver prior to the loss. Accordingly, per the express terms of Endorsement OACM.CP.013, Bryan Santiago does not qualify as a "covered person," as that term is defined in the policy. Therefore, no coverage was or is afforded to Bryan Santiago for the claims asserted against him by Plaintiffs. And, for the same reasons no coverage is afforded to Bryan Santiago, no coverage was or is afforded to Claudia Ruiz for claims arising from the operation of a covered auto by Bryan Santiago, who was

DEFENDANT'S ORIGINAL ANSWER – Page 4

Case 2:15-cv-00118-AM-CW   Document 1   Filed 10/16/15   Page 33 of 44

Electronically Filed at
10/9/2015 4:35:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

not a "covered person."

## VII.

The Texas Department of Insurance is charged with the responsibility for making sure that each policy form and endorsement for personal automobile insurance and residential property insurance complies with all applicable state and federal law. TEX. INS. CODE § 2301.053(a). In the instant case, the subject endorsement and others were appropriately submitted to TDI for approval by CEM, and such endorsements, including the Covered Person Endorsement, were expressly approved by the Texas Department of Insurance for use with CEM policies. Because TDI approved the endorsement for use with CEM policies, it necessarily follows that TDI concluded that the endorsement does in fact "comply with applicable state and federal law." The endorsement is not in violation of any section of the Texas Transportation Code or Texas Insurance Code.

## VIII.

Under Texas law, an insurer may limit its potential liability for auto coverage or otherwise by excluding particular persons, vehicles, or risks, so long as the coverage actually afforded is not less than the minimum required by the Texas Insurance Code. The Covered Person Endorsement (Form OACM.CP.013b) is in all respects in compliance with the Texas Insurance Code, the Texas Transportation Code, and the controlling case law. By reason of the endorsement, CEM has, with the approval of the TDI, excluded from coverage particular persons or a particular risk – namely, family members or residents of the household who are not licensed and/or were not disclosed to the insurer as part of the application. The coverage otherwise afforded satisfies the minimum requirements of the Texas Insurance Code and the Texas Transportation Code. The endorsement is, therefore, valid and enforceable, and in this case operates to bar coverage for Plaintiffs' liability

claim against Bryan Santiago and Claudia Ruiz.

## IX.

Pleading further in the alternative, Defendant would show that the Plaintiffs' lawsuit and Judgment violates the "actual trial" clause of CEM's policy issued to Claudia Ruiz.

## X.

Pleading further in the alternative, Defendant would show that Plaintiffs' claim for payment of benefits under the policy is subject to all of the defenses that Defendant has under the policy. Accordingly, in order to recover under the policy for any part of the default judgment Plaintiffs obtained against Bryan Santiago and Claudia Ruiz, Plaintiffs must demonstrate, first, that the claim is covered under the policy, which it is not, and second, that Bryan Santiago and Claudia Ruiz complied with all conditions precedent to coverage under the policy, which they did not. Because neither Bryan Santiago nor Claudia Ruiz satisfied the conditions precedent to coverage under the policy, their claim for benefits under the policy is barred. For the same reasons, Plaintiffs' claim for payment of benefits under the policy is also barred. Because Bryan Santiago and Claudia Ruiz failed to comply with the notice provisions of the policy, which are a condition precedent to coverage, CEM's duty to defend Bryan Santiago and Claudia Ruiz was never triggered. Absent a duty to defend, CEM as a matter of law has no liability or responsibility to pay any part of the default judgment obtained by Plaintiffs against Bryan Santiago and Claudia Ruiz.

## XI.

Pleading further, and in the alternative, even assuming that CEM has any liability for the Plaintiffs' default judgment, which is denied, such liability would be limited to the stated policy limits, which is $30,000 per person and $60,000 per accident for bodily injury.

Electronically Filed at
10/9/2015 1:35:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## XII.

Pleading further in the alternative, if necessary, CEM alleges that the conduct of Plaintiffs and/or Plaintiffs' agents or representatives and/or Bryan Santiago and Claudia Ruiz proximately caused or proximately contributed to cause the occurrence in question, as well as the Plaintiffs' alleged damages and the default judgment entered against Bryan Santiago and Claudia Ruiz. In this connection, CEM affirmatively alleges the doctrine of comparative fault and/or comparative responsibility.

## XIII.

Pleading further in the alternative, if necessary, Defendant would show that the damages and injuries complained of by the Plaintiffs did not and do not come within the scope of the coverage afforded by the policy issued by CEM to Claudia Ruiz. In this regard, CEM invokes any and all applicable policy terms, limitations, conditions and exclusions contained in the policy issued to Claudia Ruiz.

## XIV.

Pleading further, Defendant would show that the Turnover Order Plaintiffs obtained from the trial court, and on which they rely as the basis for their purported claims under the DTPA and Texas Insurance Code, is invalid and in violation of Texas public policy as claims and causes of action under the DTPA are not assignable. Because such claims are not assignable, they are not subject to turnover. Accordingly, Plaintiffs have no standing to bring such claims as third-party claimants.

Case 2:15-cv-00118-AM-CW   Document 1   Filed 10/16/15   Page 36 of 44

Electronically Filed at
10/9/2015 4:35:35 PM
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: M Cazares, Deputy**

## DECLARATORY JUDGMENT – REQUEST FOR ATTORNEY'S FEES

### XV.

Defendant requests that this Court, in accordance with Chapter 37 of the Texas Civil Practice & Remedies Code, declare the rights and obligations of the parties with respect to the insurance contract in question, and with respect to the default judgment obtained by the Plaintiffs against Bryan Santiago and Claudia Ruiz. CEM further requests that this Court enter a declaratory judgment affirming that CEM had no duty to defend or indemnify Bryan Santiago or Claudia Ruiz in connection with the claims asserted against them by Plaintiffs in Cause No. 14-05-29501-MCVAJA, or otherwise, and that CEM has no duty to pay any portion of the default judgment obtained by Plaintiffs in Cause No. 14-05-29501-MCVAJA. Further, in accordance with the provisions of Section 37.009 of the Texas Civil Practice & Remedies Code, Defendant requests that this Court in its discretion award to this Defendant its reasonable and necessary, equitable and just, attorney's fees incurred in the trial court, as well as in any appellate court to which this matter may be appealed.

## RESERVATION OF RIGHT TO AMEND

### XVI.

In accordance with the provisions of Rule 63 of the Texas Rules of Civil Procedure, Defendant respectfully reserves its right to amend this pleading.

WHEREFORE, PREMISES CONSIDERED, Defendant CEM Insurance Company requests judgment of the Court as follows:

1.    That Plaintiffs take nothing of and from this Defendant.

2.    That Defendant recover all of its costs, together with all such other and further relief to which it may be justly entitled, including but not limited to the amount necessary to compensate Defendant for its reasonable and necessary attorney's fees, including fees on appeal, and for prejudgment and post-judgment interest as provided by law.

Electronically Filed at
10/9/2015 1:35:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

Respectfully submitted,

BISHOP & HUMMERT

A Professional Corporation


BY: /s/ MICHAEL A. HUMMERT

Michael A. Hummert

State Bar No. 10272000

mhummert@bishophummert.com

Ignacio Barbero

State Bar No. 00796162

ibarbero@bishophummert.com

5910 N. Central Expressway

Suite 1600

Dallas, TX  75206

Telephone:  (214) 987-8181

Facsimile: (214) 987-8180

**ATTORNEYS FOR DEFENDANT
CEM INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon counsel of record herein on this 9th day of October, 2015.


/s/ MICHAEL A. HUMMERT

MICHAEL A. HUMMERT

## VERIFICATION

STATE OF TEXAS            §

COUNTY OF DALLAS          §

BEFORE ME, the undersigned authority, on this day personally appeared Michael A. Hummert, known to me, who being by me duly sworn upon oath deposed and stated that he is over eighteen (18) years of age, is of sound mind, is fully competent to make this affidavit, that he is attorney of record for CEM Insurance Company and that the statements contained in Paragraphs II and III of the foregoing instrument are, on information and belief, true and correct.

_____
Michael A. Hummert

SUBSCRIBED AND SWORN TO before me this _9th_ day of October, 2015.

_____
NOTARY PUBLIC, STATE OF TEXAS

DONNA WOJCIK
Notary Public, State of Texas
My Commission Expires
February 07, 2019

**E**

Electronically Filed at
10/9/2015 1:35:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

CAUSE NO. 15-08-31798-MCV

| | | |
|---|---|---|
| ROBERTO LOPEZ, JR. and | § | IN THE DISTRICT COURT |
| ROBERTO LOPEZ | § | |
| | § | |
| vs. | § | MAVERICK COUNTY, TEXAS |
| | § | |
| CEM INSURANCE COMPANY | § | 365TH JUDICIAL DISTRICT |

## <u>DEFENDANT'S JURY DEMAND</u>

TO THE HONORABLE COURT:

    Defendant respectfully demands a trial by jury.

<div style="margin-left:45%">

Respectfully submitted,

BISHOP & HUMMERT
A Professional Corporation

BY: /s/ MICHAEL A. HUMMERT
    Michael A. Hummert
    State Bar No. 10272000
    mhummert@bishophummert.com
    Ignacio Barbero
    State Bar No. 00796162
    ibarbero@bishophummert.com
    5910 N. Central Expressway
    Suite 1600
    Dallas, Texas 75206
    TELEPHONE (214) 987-8181
    FACSIMILE (214) 987-8180

ATTORNEYS FOR DEFENDANT

</div>

Electronically Filed at
10/9/2015 1:35:35 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served upon counsel of record herein in accordance with the Rules of Civil Procedure on this 9th day of October, 2015.

/s/ MICHAEL A. HUMMERT
MICHAEL A. HUMMERT

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERTO LOPEZ, JR. and ROBERTO LOPEZ

### DEFENDANTS
CEM Insurance Company

**(b)** County of Residence of First Listed Plaintiff    MAVERICK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eugene Stewart, Knickerbocker, Heredia, Jasso & Salinas, P.C.
468 Main Street, Eagle Pass, Texas 78852-6598
Phone: 830-773-9228

Attorneys *(If Known)*
Michael A. Hummert, Bishop & Hummert
5910 N. Central Expressway, Dallas, Texas 75206
Phone: 214-987-8181

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                 *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product       Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &       Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
|  & Enforcement of Judgment | Slander       Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'       Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ☐ 340 Marine       Injury Product | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product       Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability / **PERSONAL PROPERTY** | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal       Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -       Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Medical Malpractice | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | or Defendant) | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/       Sentence | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -       Conditions of       Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332
Brief description of cause:
Action against auto policy to recover default judgment plus DTPA and Ins. Code penalties.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                        DOCKET NUMBER

DATE    10-16-15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

DEL RIO                    DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal.  Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

---

**STATE COURT INFORMATION:**

1. Please identify the court from which the case is being removed; the case number; and the complete style of the case.

   Cause No. 15-08-31798-MCV
   Roberto Lopez, Jr. and Roberto Lopez v. CEM Insurance Company
   In the District Court
   Maverick County, Texas
   293rd Judicial District

2. Was jury demand made in State Court?       Yes  ☒        No  ☐

   If yes, by which party and on what date?

   CEM Insurance Company                                    October 9, 2015
   Party Name                                               Date

---

**STATE COURT INFORMATION:**

1. List all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

   Roberto Lopez, Jr.          Eugene D. Stewart (SB #19207500)
   and Roberto Lopez           Knickerbocker, Heredia, Jasso & Salinas, P.C.
   Plaintiffs                  468 Main Street
                               Eagle Pass, Texas 78852-6598
                               Phone:   830-773-9228
                               Fax:     830-773-2582

   CEM Insurance Company       Michael A. Hummert (SB #10272000)
   Defendant                   Amos D. Pettis (SB #24027730)
                               Bishop & Hummert
                               A Professional Corporation
                               5910 N. Central Expressway, Suite 1600
                               Phone:   214-987-8181
                               Fax:     214-987-8180

2.  List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

   Not Applicable

3.  List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

   Not Applicable

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1.  List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

   Not Applicable

**VERIFICATION:**

_____     10-16-15
Attorney for Removing Party                 Date

CEM INSURANCE COMPANY
_____
Party/Parties

TXWD - Supplement to JS 44 (Rev. 10/2004)