IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ROBERT LOPEZ, JR. AND § | | |
| ROBERTO LOPEZ § | | |
| Plaintiffs § | | |
| § | | |
| VS. § | CIVIL ACTION NO. <u>DR 15-CV-00118</u> | |
| § | | |
| § | | |
| CEM INSURANCE COMPANY § | | |
| Defendant § | | |

## MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, ROBERTO LOPEZ, JR. and ROBERTO LOPEZ, Plaintiffs in the above-styled and numbered cause, and move this Court to remand this action to the 293rd Judicial District Court, Maverick County, Texas, the Court in which this matter was pending at the time of such removal, upon the following grounds:

1. Plaintiffs deny the allegations in the Notice of Removal that this Court has original jurisdiction of this cause; and further deny that the action is removable pursuant to Title 28 U.S.C. § 1441. Plaintiffs would show that Plaintiffs' Original Petition involves a matter in controversy that does not exceed Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and cost. The primary claim asserted is based on a liability insurance policy, covering the defendants in the underlying tort cause, which has insurance policy limits of Thirty Thousand Dollars ($30,000.00) per claimant. See the settlement letter, attached as Exhibit "A" and dated July 13, 2015, wherein Plaintiffs offered to settle all their claims arising from the underlying tort case for the stated insurance limit.

1

2.     Even if the Court should determine that Defendant is estopped from challenging the amount of the underlying judgment <u>and</u> that Plaintiffs are entitled to pursue a *Stowers* claim against the Defendant, the judgment in the underlying tort action is only for Fifty Thousand Dollars ($50,000.00) per claimant. See a copy of the judgment from the underlying tort case identified as Exhibit "B" attached hereto. Plaintiffs, in their Original Petition, only pray for judgment against the Defendant for their "actual damages." Plaintiffs did not seek any punitive or additional type damages. The Defendant's allegations regarding what additional causes of action the Plaintiffs could "*potentially have chosen*" to assert simply is not supported by Plaintiffs' Original Petition and some hypothetical recovery for such non-plead causes of action cannot be the basis for removal.

3.     Defendant's reference, in its Notice of Removal, to the statement in Plaintiffs' Original Petition that their damages do not exceed $100,000.00 also provides no support for removal. Such statement is required by Rule 47, TEX. R. CIV. PROC. The state procedural rule does not require or authorize a statement that the damages sought do not exceed some lower number. Federal jurisdiction does not hinge on a state procedural rule. Moreover, Rule 47, TEX. R. CIV. PROC., allows a defendant to file a special exception requesting that the plaintiff plead a specific maximum amount claimed. Defendant made no such exception to the petition prior to removal in this case - fully aware that Plaintiffs are seeking a maximum amount below the federal jurisdictional threshold.

4.     Finally, the Plaintiffs would stipulate that they are seeking damages of less than Seventy-five Thousand Dollars ($75,000.00). See the Affidavit of Roberto Lopez attached hereto as Exhibit "C". Roberto Lopez, Jr., is currently in Austin. Plaintiffs represent that Roberto Lopez, Jr., will execute an identical affidavit and Plaintiff will make a supplemental filing of such affidavit, labeled as Exhibit "D", within the next ten days. The amount in

controversy does not exceed $75,000.00, and this Court has no original jurisdiction under 28 U.S.C. § 1332.

5. Plaintiffs would show that this cause was improperly removed in that the matters asserted in Plaintiffs' Original Petition do not represent a claim or right arising under the Constitution, laws, or treaties of the United States, within the meaning of Title 28 U.S.C. § 1331.

6. Further, Plaintiffs would show that this cause was removed improvidently and that this Court lacks jurisdiction to hear this case because the amount in controversy does not exceed Seventy-five Thousand Dollars ($75,000.00). Therefore, Plaintiffs request that this cause be remanded to the 293rd Judicial District Court of Maverick County, Texas pursuant to Title 28 U.S.C. § 1447(c).

7. Plaintiffs further move this Court to order payment to the Plaintiffs by the Defendant of all costs and expenses, including attorney's fees, incurred as a result of the removal.

WHEREFORE, the Plaintiffs pray that this cause be remanded to the 293rd Judicial District Court of Maverick County, Texas, where it was originally filed, for the reasons that it was removed improvidently and that this Court does not have original jurisdiction in accordance with the requirements of Title 28 U.S.C. § 1332.

Respectfully submitted,

**KNICKERBOCKER HEREDIA JASSO & SALINAS, P.C.**
468 Main Street
Eagle Pass, TX 78852-4598
Tel. (210) 773-9228
Fax: (210) 773-2582

By: *Claudio Heredia*
Claudio Heredia
State Bar No. 09505300
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing Plaintiffs' Motion to Remand was sent by Certified Mail, Return Receipt Requested, to Michael A. Hummert, BISHOP & HUMMERT, 5910 N. Central Expressway, Suite 1600, Dallas, TX 75206 on this the 21st day of October, 2015.

                                                                      *Claudio Heredia*
                                                                       Claudio Heredia

**KNICKERBOCKER, HEREDIA, JASSO & SALINAS, P.C.**
A Professional Corporation
ATTORNEYS AT LAW

*EUGENE D. STEWART*

*468 MAIN STREET*
*EAGLE PASS, TEXAS 78852-4598*
*(830) 773-9228*
*FAX: (830) 773-2582*
*WATS: 800 283-8042*

July 13, 2015

**VIA FAX # (956) 547-3480**

Pronto General Agency
P.O. Box 3267
Brownsville, TX 78523

    RE:    Cause No. 14-05-29501-MCVAJA
              Roberto Lopez, Jr. and Roberto Lopez
              vs. Bryan Santiago and Claudia Ruiz
              365th Judicial District of Maverick County, Texas
              Policy No.:   PR8403682-00
              Claim No.:    83773
              D/Accident:  April 28, 2014

Gentlemen:

    Following the insurance company's refusal to provide a defense for the defendants in the above referenced lawsuit, we moved forward and took a default judgment. I am enclosing a copy of the final default judgment which was entered in the above referenced lawsuit. We are of the opinion that the insurance company owed a "duty to defend" to the defendants and that the default judgment resulted from a breach of that duty. Since there has now been a final determination of the amount of the defendants' obligation, on behalf of our clients, Roberto Lopez and Robert Lopez, Jr., demand is hereby made that you pay the judgment up to the full limits specified in the insurance policy covering the 2000 Ford Taurus.

    We recognize that the damages awarded in the judgment may exceed the limits provided by the liability policy. Accordingly, we would extend individual settlement offers to settle the claims of each plaintiff for the "per claimant" policy limit. In exchange for the policy limit settlement, each client will provide the defendants, and their insurance carrier, with an unconditional release from the claims arising under the judgment and our clients will pay any and all outstanding medical expenses, and liens, if any, from said settlement. Please note that the settlement offers are independent and settlement with one plaintiff is not contingent on settlement of the entire judgment.



EXHIBIT "A"

Pronto General Agency
July 13, 2015
Page 2

      These offers will remain open until **July 28, 2015 at 5:00 P.M. C.D.T**. Our clients' formal demand includes the terms and concepts as defined under the "Stowers Doctrine" as originally set out in G.A. Stowers Co. vs American Indemnity Co., 15 S.W. 2nd 544, (Tex. Comm'n App. 1929, holding approved) and its progeny. We believe that a reasonable insurer would take this opportunity to protect its insureds from the excess judgment.

                              Sincerely,

                              Eugene D. Stewart

EDS/rr

attachment as indicated

NO. 14-05-29501-MCVAJA

| | | |
|---|---|---|
| ROBERTO LOPEZ, JR.<br>AND ROBERTO LOPEZ | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS | §<br>§ | 365th JUDICIAL DISTRICT |
| BRYAN SANTIAGO<br>AND CLAUDIA RUIZ | §<br>§ | MAVERICK COUNTY, TEXAS |

## FINAL DEFAULT JUDGMENT

On the 12th day of May, 2015, came on to be heard the above entitled and numbered cause and Plaintiffs, ROBERTO LOPEZ, JR., and ROBERTO LOPEZ, appeared in person and by their attorney and announced ready for trial. Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ, having been duly served and legally cited to appear and answer, have failed to appear or answer and wholly made default. Trial by jury being waived, all matters of fact and things in controversy were submitted to the Court. Citation was served according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file, and after presentment of good and sufficient evidence by Plaintiffs regarding the liability of Defendants and the damages suffered by Plaintiffs and finding that the cause of action sued on is unliquidated, the Court is of the opinion that the allegations in Plaintiffs' Original Petition are deemed admitted and the Court further finds that Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ, are liable to Plaintiffs as alleged in the pleadings, that Plaintiffs, ROBERTO LOPEZ, JR., and ROBERTO LOPEZ, sustained bodily injuries, which required reasonable and necessary medical treatment, in the motor vehicle accident of April 28, 2014, that Plaintiffs suffered

FILED AT 1:40 O'CLOCK P M

JUN 12 2015

LEOPOLDO VIELMA
District Clerk, Maverick County, Texas

EXHIBIT
"B"

physical pain, mental anguish, and physical impairment in the past as a result of their injuries, that the sum of money if paid now in cash to reasonably compensate the Plaintiff, ROBERTO LOPEZ, JR., for his damages for bodily injuries is Fifty thousand and no/100 dollars ($50,000.00), that the sum of money if paid now in cash to reasonably compensate the Plaintiff, ROBERTO LOPEZ, for his damages for bodily injuries is Fifty thousand and no/100 dollars ($50,000.00).

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff, ROBERTO LOPEZ, JR., have and recover from Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ, jointly and severally, the sum of Fifty thousand and 00/100 Dollars ($50,000.00). IT IS FURTHER ORDERED that the entire judgment hereby rendered shall bear post-judgment interest at the rate of five (5%) percent per annum from date of this judgment until paid.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff, ROBERTO LOPEZ, have and recover from Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ, jointly and severally, the sum of Fifty thousand and 00/100 Dollars ($50,000.00). IT IS FURTHER ORDERED that the entire judgment hereby rendered shall bear post-judgment interest at the rate of five (5%) percent per annum from date of this judgment until paid. All costs of court expended or incurred in this cause are hereby adjudged against Defendants, BRYAN SANTIAGO and CLAUDIA RUIZ. All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary. The Court finds that this judgment disposes of all claims and causes of action

of all parties and this judgment is a Final Judgment in this case.

SIGNED this \_\_11th\_\_ day of ~~May~~ June, 2015.

_____
**JUDGE PRESIDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| ROBERT LOPEZ, JR. AND<br>ROBERTO LOPEZ<br>Plaintiffs | § § § § | |
| VS. | § § § | CIVIL ACTION NO. <u>DR 15-CV-00118</u> |
| CEM INSURANCE COMPANY<br>Defendant | § § § | |

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF MAVERICK | § |

BEFORE ME, the undersigned authority, on this day personally appeared, ROBERTO LOPEZ, who after having been first duly sworn, upon his oath deposes and says:

"My name is ROBERTO LOPEZ and I am over 18 years of age and of sound mind to make this affidavit. I am a Plaintiff in the case styled <u>Roberto Lopez, Jr. and Roberto Lopez vs. CEM Insurance Company</u> and have personal knowledge of the allegations contained in Plaintiffs' Original Petition. . I was involved in the automobile accident that occurred in Maverick County on April 28, 2014. As a result of that accident, I sustained neck and back injuries which required medical treatment resulting in medical expenses totaling $4,004.35. When I filed the above referenced cause, I had a good faith belief that my damages, including any allowable attorneys fees, did not exceed Seventy-five Thousand Dollars ($75,000.00). I hereby stipulate that the amount I can legally recover from Defendant, CEM Insurance Company, in this lawsuit is less than Seventy-five Thousand Dollars ($75,000.00).

Further, Affiant sayeth not."

*Roberto Lopez*
ROBERTO LOPEZ

SWORN TO AND SUBSCRIBED BEFORE ME on this the 20th day of October, 2015.

Notary Public in and for the
State of Texas

CARLOS MORENO, JR.
MY COMMISSION EXPIRES
January 27, 2016

EXHIBIT
"C"