IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
FEB 1 6 2016
CLERK. U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| ROBERTO LOPEZ, JR. and ROBERTO LOPEZ,<br>　　　　Plaintiffs,<br><br>v.<br><br>CEM INSURANCE COMPANY,<br>　　　　Defendant. | Cause No.<br>DR-15-CV-118 |

## ORDER

Pending before the Court is the Plaintiffs' motion to remand. (ECF No. 3.) For the reasons stated below, the motion is **DENIED**.

## I. BACKROUND

The Plaintiffs, Roberto Lopez, Jr. and Roberto Lopez, obtained a default judgment in Texas state court against two persons insured by Defendant CEM Insurance Company. (ECF No. 1 at 23.) Each Plaintiff's Default Judgment was for $50,000. *Id.* at 24.

As judgment creditors and as assignees of the insured's claims, the Plaintiffs filed the present suit in the 293rd Judicial District Court of Maverick County, Texas. *Id.* at 13. The Plaintiffs first alleged claims under the insurance contract pursuant to a turnover order that assigned the third-party's right to them. *Id.* at 16–18. The plaintiffs also alleged various violations of the Texas Insurance Code by the Defendant, including (1) failing to perform a reasonable investigation; (2) failing to provide a prompt explanation for denying coverage; (3) misrepresenting material facts and policy provisions; and (4) failing to make a good faith attempt

at a fair and equitable settlement. *Id.* at 16–21. Moreover, the Plaintiffs allege that the Defendant's conduct "was carried out with the malicious intent to injury [*sic*] and harm" the insured and that the Defendant was "actually aware that its refusal to defend [the insured] in the manner in which it did was a false, unfair, and deceptive act." *Id.* at 20. And the Plaintiffs have requested attorney fees. *Id.* at 21. For purposes of state jurisdiction, the Plaintiffs pleaded that each one sought "only monetary relief of $100,000 or less." *Id.* at 13.

Allstate removed the case based upon a claim of federal diversity jurisdiction. (ECF No. 1.) Following removal, the Plaintiffs filed the present motion to remand, arguing that there is no federal subject matter jurisdiction in this case. (ECF No. 3.) The Plaintiffs are both citizens of Texas, and CEM is a corporate citizen of Illinois. (ECF No. 1 at 2.)

## II. DISCUSSION

Federal courts are courts of limited jurisdiction—they hear only cases involving questions of federal law or diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332. So an action filed in state court may be removed to federal court only if it could have been filed in federal court originally. *See* 28 U.S.C. § 1441(a). CEM, as the removing party, bears the burden of establishing federal subject matter jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). If the Court lacks jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447(c).

The Court has subject matter jurisdiction over the instant case, which contains only state-law claims, if the amount in controversy exceeds $75,000 and there is complete diversity—the Defendant is not a citizen of the same state as either Plaintiff. 28 U.S.C. § 1332(a), (b). Here,

complete diversity exists. (ECF No. 1 at 2.) However, the Court must determine the amount in controversy.

To determine the amount in controversy, the Court looks to the Plaintiffs' state court petition. *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 882 (5th Cir. 2000). If the amount in controversy is not apparent from the face of the petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir.1999). The defendant can either: (1) show that the type of claims and the nature of the damages are likely to exceed $75,000; or (2) submit affidavits or other documentary evidence that supports a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Importantly, however, post-removal stipulations and amendments will not defeat the court's jurisdiction or justify remand. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938) ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *Gebbia,* 233 F.3d at 883 ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."); *Coburn v. Am. Gen. Life & Acc. Ins. Co.,* No. CIV.A. H-12CV3678, 2013 WL 2289937, at *1–2 (S.D. Tex. May 22, 2013) (finding the amount in controversy exceeded $75,000 when the plaintiff sought to "recover $35,000 under the policy, treble damages, mental anguish damages, and costs and attorney's fees" in her original petition, despite the plaintiff's attempt to amend to remove the claim for treble damages); *Lewis v. State Farm Lloyds,* 205 F. Supp. 2d 706, 708 n.3 (S.D. Tex. May 30, 2002) (refusing to consider an

amended complaint that sought to reduce the amount in controversy below the jurisdictional threshold).

The Texas Insurance Code provides that "on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages." Tex. Ins. Code Ann. § 541.152 (West 2009). The Plaintiffs' claims are stated to invoke this Section of the Texas Insurance Code and to elicit treble damages. Thus the amount in controversy exceeds $75,000. The Plaintiffs' post-removal attempt to stipulate to a lower amount of damages is ineffective.

### III. CONCLUSION

The Defendant has demonstrated that the amount in controversy exceeds $75,000. Therefore, the Court has jurisdiction. For those reasons, the motion is **DENIED**.

SIGNED this 16th day of February, 2016.

ALIA MOSES
UNITED STATES DISTRICT JUDGE