FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

MAR **2 2** 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

| | | |
|---|---|---|
| ROBERTO LOPEZ, JR., and<br>ROBERTO LOPEZ,<br>     **Plaintiffs,**<br><br>v.<br><br>CEM INSURANCE COMPANY,<br>     **Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil No. DR-15-CV-118-AM/CW** |

## ORDER

Pending before the Court is the Defendant's Motion for Summary Judgment. (ECF No. 8.) After reviewing the applicable legal authority, summary judgment evidence, and the Motion, the Court is persuaded that the Defendant's Motion for Summary Judgment should be **GRANTED** and the case **DISMISSED**.

### I. Factual and Procedural History

This is a removal action in which the Plaintiffs are seeking contractual and extra-contractual damages and attorneys' fees resulting from a default judgment entered against Bryan Santiago and Claudia Ruiz, cause number 14-05-295-1-MCVAJA, in the 365th Judicial District Court of Maverick County, Texas.[1] (ECF No. 1 at 23.) The underlying lawsuit arose from a motor vehicle accident between the Plaintiffs and Santiago that took place on April 28, 2014. When the accident occurred, Santiago was operating the vehicle, which was insured under a personal auto insurance policy issued by the Defendant to Santiago's mother, Ruiz.[2]

---

[1] The Court hereinafter refers to this case as "the underlying lawsuit."

[2] The policy was issued to Ruiz by and through Pronto General Agency, Ltd—the Defendant's agent. The policy number is PR8403682-00 and was in effect from April 4, 2014, to October 4, 2014. (ECF No. 8-1 at 7.)

On October 16, 2015, the case was removed to this Court. (ECF No. 1.) The Court subsequently denied the Plaintiffs' Motion to Remand on February 16, 2016. On August 4, 2016, the Defendant filed the instant Motion for Summary Judgment. (ECF No. 8.)

The Plaintiffs' Original Petition claims that they are entitled to recover from the Defendant under policy, citing the default judgment from state court. (ECF No. 1 at 16–21.) The Defendant's Motion for Summary Judgment, however, contends that the policy did not provide coverage for Santiago's operation of the covered vehicle. (ECF No. 8 at 2.) Furthermore, the Defendant asserts that even if the policy covered Santiago, neither he nor Ruiz complied with the policy's notice-of-suit conditions, which are a condition precedent to liability coverage. (*Id.*)

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant is entitled to summary judgment if, after an adequate time for discovery, the non-movant fails to make a sufficient showing on an essential element of his case with respect to which he bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant must initially demonstrate the lack of evidence supporting the non-movant's case. *See id.* The burden then shifts to the non-movant to present some evidence showing that there is a genuine issue for trial. *See id.* at 324.

A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the non-movant." *See Anderson*, 477 U.S. at 248. Because that issue cannot be

2

resolved without reference to "the criteria governing what evidence would enable the jury to find for [the non-movant]," the Court "must view the evidence presented through the prism of the substantive evidentiary burden." *See id.* at 254. However, in making this determination, the Court may not weigh the evidence or evaluate the credibility of the witnesses. *See id.* at 255. Instead, it must view all facts in the light most favorable to the non-movant and make all justifiable inferences in it's favor. *See id.* But "conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports [the] claim." *Id.*

Once a party moves for summary judgment, the non-movant will have the opportunity to respond; however, a response is not always required. *See* FED. R. CIV. P. 56(e). When appropriate, the Court can grant summary judgment even if the nonmoving party fails to respond to the initial motion for summary judgment. *Id.* The Local Rules of the Western District of Texas also provide that "[i]f there is no response filed within the time period this rule prescribes, the Court may grant the motion as unopposed." Local Rule CV-7(e). Still, "[t]he fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see also In re Agape Christian Fellowship of Arlington*, Nos. 07-40983-dml-11, 4:07-CV-236-A, 2007 WL 2332593, at *1 n.2 (N.D. Tex. Aug. 14, 2007) (explaining that "summary judgment should be granted only if the uncontested facts show [the moving party] is entitled to judgment as a matter

3

of law"). While the Court may grant a motion as unopposed, the Defendants must still show entitlement to relief.

Here, the Plaintiffs failed to file a response to the Defendant's Motion for Summary Judgment, and the deadline to do so has expired. Nonetheless, the Defendant showed entitlement to relief.

### III. Analysis

*1. The Auto Insurance Policy Does Not Apply to Santiago.*

The Defendant explains that Ruiz agreed to, inter alia, a "Covered Person Endorsement" in exchange for a reduced premium. (ECF Nos. 8 at 3 and 8-1 at 3.) The endorsements operated to limit the coverage of the policy. (*Id.*) The "Covered Person Endorsement" narrowed the definition of a "covered person" under the policy, and the Texas Department of Insurance has approved the use of the endorsement as required by law. (ECF No. 8-1 at 3–5.)

The "Covered Person Endorsement" provides as follows:

**PART A – LIABILITY COVERAGE**

**INSURING AGREEMENT**

**B. "Covered person" as used in this part means:**

**1.** You, for the ownership, maintenance or use of any auto or **trailer**.

**2.** Any **family member** or **resident** of your household who is listed in the Declarations or added by endorsement during the policy term prior to loss and possessing a valid driver's license, for the ownership, maintenance or use of any auto or **trailer**.

**3.** A person who is not a **family member** or **resident** of your household but is using your covered auto with your express or implied permission.

As used in this part, **"resident"** shall mean any person living in your household other than you or a **family member**.

4

**PART A – LIABILITY COVERAGE EXCLUSIONS**

**D.** None of the liability coverages afforded by this policy shall apply while any person who is not a **covered person** is operating **your covered auto** or any other vehicle.

(*Id.* at 21.)

The Defendant contends, and the Plaintiffs do not dispute, that Santiago was the driver of the insured vehicle when the collision occurred and that he is the son of Ruiz—one of the insureds under the policy. The Court's review of the policy and affidavits in support of the Defendant's Motion further show that Santiago was not listed on the policy's declarations page[3] or otherwise added by endorsement as an authorized driver prior to the accident.[4] It is also undisputed that Ruiz signed a disclosure[5] and thus acknowledged her understanding that the endorsements—including the "Covered Person Endorsement"—would be applied to the policy, thereby limiting policy coverage. (*Id.* at 7 and 30.)

Consequently, the Court agrees with the Defendant that Santiago did not qualify as a "covered person" under the policy in light of the "Covered Person Endorsement." Because Santiago is not a "covered person," no coverage under the policy was or is afforded to claims stemming from his operation of the automobile, as part D, *supra*, unambiguously indicates. The

---

[3] *See id.* at 7.

[4] The Affidavit of Mark Gatica, the Underwriting Manager for Pronto, explains that "[a]t no time prior to April 28, 2014, was . . . Santiago ever listed as an authorized driver on the Declarations page for the policy. At no time prior to April 28, 2014, did . . . Ruiz seek to amend the policy by adding . . . Santiago to the list of authorized drivers." (*Id.* at 5.) Moreover, the Affidavit of Oscar Buitrago, the Claims Director for Pronto, states that "[t]he vehicle operated by . . . Santiago, who is the son of . . . Ruiz, was a scheduled vehicle on the policy, but . . . Santiago was not listed on the Declarations page of the policy as an authorized driver nor otherwise added by endorsement as an authorized driver at any time prior to the April 28, 2014 accident. The only drivers listed on the Policy Declarations were . . . Ruiz and her husband, Guillermo Santiago Vazquez." (ECF No. 8-2 at 3.)

[5] The disclosure, signed on April 4, 2014, states the following: "By signing and initialing above, I acknowledge that I understand and agree with all terms and conditions contained within the endorsements set forth on this page which are being incorporated into my insurance policy." (*Id.* at 30.) The "Covered Person Endorsement" is located on the same page as the disclosure, immediately above Ruiz's signature that acknowledged the endorsements to the policy. (*Id.*)

Plaintiffs are barred from bringing this action against the Defendant in light of the "Covered Person Endorsement." That is, the policy was never triggered because Santiago, not covered as an insured under the policy, was operating the vehicle when the accident giving rise to the Plaintiffs' state court claims in the underlying lawsuit occurred.

*2. The Defendants Did Not Have a Duty to Defend.*

Irrespective of whether the "Covered Person Endorsement" barred the Plaintiffs' action, the Defendant had no duty to defend the underlying lawsuit because Santiago and Ruiz failed to give adequate notice in accordance with the policy. As previously discussed, the Plaintiffs obtained a default judgment in the underlying lawsuit against Santiago and Ruiz. The Plaintiffs now argue that as a third-party claimant, they can sue the insurer of the tortfeasor; however, this argument presumes that the policy covers said tortfeasor. *See Dairyland Cnty. Mut. Ins. Co. v. Childress*, 650 S.W.2d 770, 775–76 (Tex. 1983).

An insurer's obligation to pay a third-party claimant is contingent upon proof that the tortfeasor is covered by the insurer being sued and that all conditions precedent under the applicable policy are met. *Assoc. Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 283 (Tex. 1998). And the Supreme Court of Texas has held that an insurer has no duty to inject itself into the defense of a lawsuit when the insured has given no indication that it expects the insurer to provide a defense. *Weaver v. Hartford Accident & Indem. Co.*, 570 S.W.2d 367, 370 (Tex. 1978). Approximately thirty years later, the court looked to *Weaver* as governing and held that "[i]nsurers owe no duty to provide an unsought, uninvited, unrequested, unsolicited defense [to an insured.]" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Crocker*, 246 S.W.3d 603, 610 (Tex. 2008).

6

With respect to the case at hand, as a threshold issue, the law therefore requires that the Plaintiffs show not only that there was coverage under the policy, but also that either Santiago or Ruiz complied with all conditions precedent required by the policy to trigger the Defendant's duty to defend.  The pertinent provisions under the policy state that:

**PART E – DUTIES AFTER AN ACCIDENT OR LOSS**

**GENERAL DUTIES**

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured person and of any witnesses. If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy.

**B.** A person seeking any coverage must:

**1.** Cooperate with us in the investigation, settlement or defense of any claim or suit.

**2.** Promptly send us copies of any notice or legal papers received in connection with the accident or loss.
. . . .

**LEGAL ACTION AGAINST US**

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy.

(ECF No. 8-1 at 15–16.)

Furthermore, after notifying Ruiz that the her claim was being denied due to the "Covered Person Endorsement," Pronto sent a letter to Ruiz opining that "if in the future you are served or receive legal documents and wish for us to reconsider our coverage decision, for this date of loss/accident, please refer and comply with **PART E – DUTIES AFTER AN ACCIDENT OR LOSS**[.]"  (ECF No. 8-2 at 14.)

7

Here, it is undisputed that neither Santiago nor Ruiz ever notified the Defendant or its agent that either had been sued. It is further undisputed that neither Santiago nor Ruiz ever forwarded the suit papers to the Defendant or its agent and never requested a defense. "Absent a threshold duty to defend, there can be no liability to [the insured], or to [the claimant] derivatively." *Crocker*, 246 S.W.3d at 609. In addition, "[t]o recover on the insurance policy as a third-party beneficiary, [a plaintiff] must initially show that . . . the insured . . . complied with the conditions precedent and terms of the policy." *State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38, 40 (Tex. 1998). Because Santiago and Ruiz never complied with the notice provisions of the policy, which are conditions precedent to the liability coverage, the Plaintiffs' claims seeking to recover pursuant to the policy fail.

*3. The Plaintiffs' Extra-Contractual Claims Fail.*

The Plaintiffs' extra-contractual claims under the Deceptive Trade Practices Act, the Texas Insurance Code, and common law also fail. Extra-contractual claims lack merit when the issue of coverage is resolved in the insurer's favor. *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("There can be no liability under . . . the Insurance Code if there is no coverage under the policy."). Moreover, "there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). As such, summary judgment dismissal of the Plaintiffs' extra-contractual claims is warranted.

**IV. Conclusion**

Accordingly, the Defendant's Motion for Summary Judgment (ECF No. 8) is **GRANTED**, and the case is **DISMISSED**.

SIGNED this _____ day of March, 2017.

ALIA MOSES
United States District Judge

9